IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2015 JAN 15 P 4: 46

| | | |
|---|---|---|
| Paula Kay Dailey, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:14-263-RMG |
| | ) | |
| vs. | ) | |
| | ) | |
| Carolyn W. Colvin, Commissioner of Social Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on December 29, 2014 recommending that the decision of the Commissioner be reversed and remanded because of the failure of the Administrative Law Judge ("ALJ") to consider the statements and testimony of lay witnesses and to adequately explain the weight accorded the opinions of an examining consulting expert, Dr. Deborah Tyler, Ph.D. (Dkt. No. 22 at 21-26, 34-36). The Commissioner filed no objections to the R & R but the Plaintiff filed limited objections relating to the credibility analysis performed by the ALJ and the weight accorded the opinions of a treating physician, Dr. Gerald Congdon. (Dkt. No. 25).

-1-

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

The Court has reviewed the R & R in this matter and concurs in the findings and conclusions of the ALJ on all matters except the treatment of issues related to Plaintiff's non-compliance with medical treatment and its impact on the claimant's credibility analysis. Therefore, the Court adopts as the order of this Court all of the R & R except that portion relating to credibility analysis set forth at Section III(B)(1)(a) of the R & R.

The Court's specific concern about the credibility analysis performed relates to the claimant's alleged failure to follow "prescribed treatment without a good reason" and the right of the Commissioner to find a claimant not disabled on that basis. Transcript of Record ("Tr.") 21. While non-compliance with prescribed medical treatment is an important factor to consider in weighing a claimant's credibility, the analysis must not stop at whether the Plaintiff did or did not comply with prescribed treatment. Additional issues to consider are whether (1) the Plaintiff lacked funds to comply with treatment; (2) the claimant had "good cause" to decline treatment, such as the side effects of the medication; and (3) the claimant's impairments were "reasonably remediable" with adherence to the prescribed treatment. *Preston v. Heckler*, 769 F.2d 988, 990-91 (4th Cir. 1985); SSR 96-7p, 1996 WL 374186 at *7-8. Since the ALJ has failed to conduct a particularized inquiry regarding these issues concerning Plaintiff's non-compliance with prescribed treatment, reversal and remand are necessary. Once these factors are considered, the ALJ must reweigh and reconsider his credibility analysis.

The Plaintiff also objects to the Magistrate Judge's recommendation concerning the ALJ's weighing of the opinions of Dr. Gerald Congdon, a treating physician. The Court has reviewed the R & R, the medical records and opinions of Dr. Congdon and the relevant legal

standards. The Court concurs with the Magistrate Judge that the ALJ adequately considered and weighed the factors set forth in the Treating Physician Rule, 20 C.F.R. § 404.1527, and there is substantial evidence in the record to support the findings of the ALJ regarding the weight accorded the opinions of Dr. Congdon.

## Conclusion

Based upon the foregoing, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, except regarding the credibility analysis found at Section II(B)(1)(a), as the order of this Court, and further finds that the credibility analysis must be reconsidered after a proper consideration of whether there was "good cause" for Plaintiff's non-compliance with prescribed medical treatment and the Plaintiff's condition was reasonably remediable with adherence to prescribed treatment. Thus, the Court **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the Commissioner for further proceedings consistent with this order.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
January 15, 2015